IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRA BINDER, BARBEL PERISSA, and CHRISTINA CALCAGNO, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES POLO ASSOCIATION, and USPA PROPERTIES, INC., and DOES 1–50, INCLUSIVE,<br><br>    Defendants. | Case No. 23 CV 2910<br><br>Judge Robert W. Gettleman |

**MEMORANDUM OPINION & ORDER**

Plaintiffs Demetra Binder ("Binder"), Barbel Perissa ("Perissa"), and Christina Calcagno ("Calcagno") (collectively, "plaintiffs"), on behalf of themselves and all others similarly situated, bring a seven-count first amended class action complaint against defendants United States Polo Association, Inc. and USPA Properties, Inc. (collectively, "defendants") for an alleged false reference-pricing scheme in defendants' retail stores in New Jersey, New York, and California, and on the internet.

Plaintiffs bring claims for violations of: the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1, et. seq.; the New Jersey Truth in Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. § 56:12-14, et. seq.; the New York Consumer Protection From Deceptive Acts and Practices Act ("NYDAPA"), N.Y. GBL § 349, et. seq.; the New York False Advertising Law ("NYFAA"), N.Y. GBL § 350, et. seq.; California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et. seq.; and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et. seq.

1

On September 28, 2023, defendants moved to transfer venue from this court to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) (Doc. 22). For the reasons expressed below, this court grants defendants' motion.

## BACKGROUND

Plaintiff Binder, a New Jersey resident, filed her original complaint against defendants on May 9, 2023, which included only factual allegations related to her transaction at U.S. Polo Association's outlet store in New Jersey, claims under New Jersey law, and a New Jersey proposed class. On July 17, 2023, defendants filed their first motion to transfer venue to the District of New Jersey. Binder then attempted to concurrently file her response and move for leave to file a first amended complaint that would "invalidate[ ]" defendants' arguments in its motion. The first amended complaint added: named plaintiffs Perissa (a New York resident) and Calcagno (a California resident); factual allegations regarding Perissa and Calcagno's transactions at U.S. Polo Association's outlet stores in New York and California; claims under New York and California law; and New York and California proposed classes.

After the court instructed Binder to separately file these briefs, the parties stipulated for leave to file an amended complaint, which the court granted, and plaintiffs filed their amended complaint on August 31, 2023. Plaintiffs' amended complaint defines the three proposed classes as "All persons, within the State of [New Jersey, New York, or California], who . . . purchased from a [New Jersey, New York, or California] U.S. Polo Association retail store." Defendants filed the instant motion to transfer to the District of New Jersey on September 28, 2023.

## DISCUSSION

A federal district court, in which a suit is filed with proper venue, may transfer any civil action to any other district or division where it might have been brought, for the convenience of

parties and witnesses, and in the interest of justice.  See 28 U.S.C. § 1404(a).  The parties do not dispute that the Northern District of Illinois is a proper venue for the instant case, and this court properly has jurisdiction.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), which provides, in relevant part, that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  In this case, defendants are incorporated in Illinois, which both makes this court a proper venue and places defendants under this court's personal jurisdiction.

Defendants, however, move to transfer this case to the District of New Jersey.  They argue that none of the alleged acts occurred in Illinois, none of the named plaintiffs are connected to Illinois, and none of the proposed classes are connected to Illinois.  Further, defendants argue that plaintiffs bring claims under only non-Illinois state law, and none of the critical witnesses are likely to reside in Illinois.  Plaintiffs counter that it makes sense for the case to be heard in this court because defendants are incorporated here.  Plaintiffs also argue that this court is centrally located, although they acknowledge that "the relevant defense witnesses are likely located in Florida where Defendants are headquartered and thus where its pricing policies and practices presumably originated."

Further, plaintiffs argue that the District of New Jersey is an inappropriate venue for their claims because defendants do not reside in New Jersey, and have not met their burden to demonstrate that "a substantial part of the events or omissions giving rise to the claim[s]" are situated in New Jersey.  In support, they cite 28 U.S.C. § 1391, which provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

3

of property that is the subject of the action is situated."

The court begins by noting that plaintiffs conflate "jurisdiction" and "venue,"[1] and the distinction is important.  As plaintiffs assert in their amended complaint, subject matter jurisdiction over their claims comes from the minimal diversity contemplated by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).[2]  The fact that plaintiffs bring claims under New York and California law does not change the District of New Jersey's subject matter jurisdiction pursuant to CAFA, which depends on the diverse citizenship of the parties rather than the source of law that underlies their claims.

Similarly, this court has personal jurisdiction over defendants based on their domicile, which makes them "at home" in Illinois.  While defendants would not be "at home" in the District of New Jersey, that court would have specific personal jurisdiction over defendants based on their purposeful contacts with the state (i.e., the New Jersey outlet store).  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472–76 (1985).  Conversely, as discussed above, venue is based on defendants' location or the location of the relevant events.  Plaintiffs generally consent to venue (which can be waived) when they file a complaint with a particular court.  See Hoffman v. Blaski, 363 U.S. 335, 343 (1960).  In this case, however, plaintiffs oppose the proposed venue based on Perissa and Calcagno's lack of purposeful contacts with New Jersey.

The issue is whether 28 U.S.C. § 1404, which governs venue transfer, contemplates protection for plaintiffs based on personal jurisdiction, which is typically invoked to protect defendants from being unreasonably haled into court in a particular state that may then subject

---

[1] Plaintiffs argue that the District of New Jersey "does not even have jurisdiction over the New York and California claims and classes."

[2] Section 1332(d)(2) provides that district courts "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 . . . and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."

them to default judgment.  See generally Phillips Petroleum Co. v. Shutts, 472 U.S. 797 (1985). While the Supreme Court has held that absent class-action plaintiffs are not required to possess the minimum contacts that generally support personal jurisdiction over a defendant, id. at 811, plaintiffs question whether named plaintiffs must have the same minimum contacts when venue is transferred.

The leading case on this issue is In re Genentech, Inc., 566 F.3d 1338 (Fed. Cir. 2009). In Genentech, the Federal Circuit determined that "[t]here is no requirement under § 1404 that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint." Id. at 1346 (citing Hoffman v. Blaski, 363 U.S. 335, 343–44 (1960)).  Cf. Peregrine Semiconductor Corp. v. RF Micro Devices, Inc., No. 12CV911-IEG WMC, 2012 WL 2068728, at *3 (S.D. Cal. June 8, 2012) (discussing disagreement among district courts).  The Federal Circuit reasoned that § 1404 contemplates transfer to "any other district or division where it might have been brought," and in the instant case, plaintiffs (including Perissa and Calcagno) might have brought the case in the District of New Jersey (just as they did in Illinois), and their filing would have waived personal jurisdiction.

Thus, the court moves on to evaluate whether the District of New Jersey is a more appropriate forum that will serve the "twin goals of convenience to the parties and witnesses, and the interests of justice."  In considering whether to transfer venue, courts first assess the convenience of the parties and witnesses, including: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums.  See, e.g., Hanley v. Omarc, Inc., 6 F. Supp. 2d 770, 774 (N.D. Ill. 1998).  The movant has the burden

to establish that the transferee forum is "clearly more convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219–20 (7th Cir. 1986).

A plaintiff's choice of forum is generally given great deference, but that choice is afforded less weight when plaintiffs opt to litigate outside their home forum, as here. See e.g., First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc., No. 04 C 2728, 2004 WL 1921059, at *3 (N.D. Ill. July 24, 2004). A plaintiff's choice of forum receives even less deference when the plaintiff chooses a forum that does not have a significant relationship to the material events leading to the litigation. Id.

In this case, it is uncertain where the material events occurred, which also discounts plaintiff's choice of forum. See, e.g., Eugene v. McDonald's Corp., No. 96 C 1469, 1996 WL 411444, at *2 (N.D. Ill. July 18, 1996). Defendants are incorporated in Illinois, but it is not readily apparent whether defendants made the relevant business determinations in Illinois or Florida. Plaintiffs themselves admit that the relevant decisions were likely made in Florida. Thus, based on the information before it, this court is unable to determine whether Illinois or New Jersey is more connected to "a substantial part of the events or omissions giving rise to the claim." See, e.g., First Horizon, 2004 WL 1921059, at *3 ("[T]he location of material events for purposes of venue is the location where the defendant's decisions and activities that gave rise to the claim took place."). What is clear is that plaintiffs' transactions with defendants did not take place in Illinois; rather, these transactions took place in New Jersey, New York, and California.

Moreover, the ease of access to sources of proof and the convenience of the parties and witnesses favor transfer. Plaintiffs emphasize that the location of defendants' current counsel (who are based in Illinois) does not favor transfer. Conversely, plaintiffs admit that the sources of proof are not in Illinois; rather, according to plaintiffs, "[e]vidence related to liability is in

New Jersey, New York, California, and, most likely, in Florida."[3]  That being said, it is less clear which venue is more convenient for witnesses because defendants have not specified which lay witnesses they intend to call, or provided a generalized statement of their witnesses' anticipated testimony.  See Heller Fin., Inc. v. Midwhey Powder Co. Inc., 883 F.2d 1286, 1293 (7th Cir. 1989).  The court, however, agrees with defendants that the District of New Jersey is likely more convenient for Binder, defendants' employees at the relevant New Jersey store, and lay witnesses to Binder's claims, and "[t]he convenience of witnesses is often viewed as the most important factor in the transfer balance."  Rose v. Franchetti, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989).[4]

This is similarly true for Perissa, employees at the relevant New York store, and lay witnesses to Perissa's claims, given the geographic proximity of New York to New Jersey.[5]  The court acknowledges that the Northern District of Illinois is more central for Calcagno and the witnesses in California, but as defendants argue, the only arguable benefit of Illinois over New Jersey is a slightly shorter flight, and these individuals would incur the inconvenience of traveling even if venue remained the same.[6]  Significantly, no party has suggested that there are any witnesses in Illinois.

Thus, having determined that convenience favors transfer, this court is left to evaluate the interest of justice.  When considering the "interest of justice," courts evaluate the potential

---

[3] In any case, courts have "increasingly recognized that where records are actually stored is less of a factor because documents now are easily scanned, stored, and electronically transmitted and moving them no longer creates the onerous burden it may once have imposed."  Edke v. Belden, Inc., No. 21-CV-0813, 2021 WL 3022322, *4 (N.D. Ill. July 16, 2021).

[4] The convenience of party witnesses is generally given less weight than the convenience of nonparty witnesses.  See Craik v. Boeing Co., 37 F. Supp. 954, 961 (N.D. Ill. 2013).

[5] This proximity also makes it likely that the New Jersey and New York witnesses are both subject to the District of New Jersey's compulsory process, Fed. R. Civ. P. 45(c)(1)(A), (B), which is relevant to the interests of justice discussed below.

[6] In fact, named plaintiffs acknowledge that they are not concerned with travel, and state that location is "irrelevant as each [plaintiff] can appear for deposition remotely and class counsel is well capitalized for any necessary travel."

effects on the efficient administration of the court system.  See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986).  Courts weigh several factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in their locale; and (4) the relation of the community to the occurrence at issue.  See, e.g., Lewis v. Grote Indus., Inc., 841 F. Supp. 2d 1049, 1055–56 (N.D. Ill. 2012).

      The court begins by evaluating whether docket congestion favors transfer.  See Plotkin v. IP Axess, Inc., 168 F. Supp. 2d 899, 904 (N.D. Ill. 2001) (utilizing Federal Court Management Statistics to evaluate the congestion of each court's docket and prospect for earlier disposition and trial).  Plaintiffs cite statistics maintained by the Administrative Office of the United States Courts to demonstrate prominent docket congestion in the District of New Jersey, which weighs against transfer.  The average number of pending cases per judge in the Northern District of Illinois is 549, whereas the average number of pending cases per judge in the District of New Jersey is 3,741.  Similarly, the percentage of civil cases over three years old in the Northern District of Illinois is 23.7%, compared to 45.9% in the District of New Jersey.  Conversely, as defendant notes, the District of New Jersey is over three months more efficient at bringing civil cases to trial.

      Other factors in the "interest of justice" are a closer call, and do not persuade the court in either direction.  Regarding the applicable law, courts often determine that federal courts are more likely familiar with the application of the state of their seat's law than the law of other states.  See Jaramillo v. DineEquity, Inc., 664 F. Supp. 2d 908, 917 (N.D. Ill. 2009).  This consideration does not persuade this court that the District of New Jersey is more appropriate because this case involves the application of the laws of multiple states.  Moreover, "[f]acing

unfamiliar state law claims is business as usual in the federal courts and warrants little, if any, weight in assessing whether the interest of justice favors the transfer of a case to another district." Hirst v. SkyWest, Inc., 405 F. Supp. 3d 771, 779–80 (N.D. Ill. 2019).

The court's last consideration is whether the District of New Jersey has a stronger interest in resolving this controversy. It is true, as plaintiffs argue, that Illinois has an interest in regulating the entities incorporated under its jurisdiction from violating consumer protection laws. See Alcar Grp., Inc. v. Corp. Performance Sys., Ltd., 109 F.Supp.2d 948, 952 (N.D. Ill. 2000). Yet Illinois has no interest in regulating out-of-state transactions that affect non-Illinois citizens. Id. Moreover, the District of New Jersey has a stake in resolving this controversy within its community, in front of a locally comprised prospective jury, given the location of the relevant outlet store and its probable customers. See Doage v. Bd. of Regents, 950 F. Supp. 258, 262 (N.D. Ill. 1997).

Further, the court acknowledges that Binder added Perissa and Calcagno only after defendants filed their initial motion to transfer venue to the District of New Jersey, which would have been an appropriate venue at that time. Ostensibly, Binder sought to amend her complaint in order to moot defendants' motion. Engaging in such conduct runs counter to the interest of justice. See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 979 n. 2 (7th Cir. 2010) (determining that "certain behavior may count against a plaintiff's choice of forum, such as where there is evidence of forum-shopping or bad faith by a litigant"). Plaintiffs cite the median number of months from filing to civil disposition in the two districts: 6.7 months in the Northern District of Illinois compared to 10.0 months in the District of New Jersey, amounting to a difference of 3.3 months. By amending their complaint to avoid transfer,

9

plaintiffs added almost three months to the timeline of this case in this district,[7] which effectively makes up the difference.

Based on its consideration of the factors discussed above, this court concludes that the convenience of the parties and witnesses, as well as the interest of justice, favor transfer.

## CONCLUSION

For the reasons stated above, the court grants defendants' motion for transfer (Doc. 22), relinquishes its jurisdiction, and orders the court clerk to transfer the case to the District of New Jersey.

        **ENTER:**

        **Robert W. Gettleman**
        **United States District Judge**

**DATE: December 4. 2023**

---

[7] Defendant's reply to its original motion to transfer was due on August 21, 2023, and its reply to the instant motion to transfer was due on November 21, 2023 (later extended to November 27, 2023).